**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0860n.06
Filed: December 18, 2007

**No. 06-4391**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ANNETTE GUY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, MOORE, and GILMAN, Circuit Judges.

**PER CURIAM**. The United States (the "Government") initiated this action against Annette Guy, seeking damages based on false claims for overtime compensation. The Government sought recovery pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729, and the common law theories of fraud, unjust enrichment, and payment by mistake. A jury unanimously found for the Government on each theory except fraud. On appeal, Guy argues that the district court erred by applying the doctrine of collateral estoppel to certain key issues that were previously litigated and decided in an administrative proceeding before the Merit Systems Protection Board ("MSPB"). She also argues that a new trial is required because the district court did not instruct the jury that a government official's knowledge of a false claim vitiates scienter under the FCA. We AFFIRM.

**BACKGROUND**

Guy was employed by the Department of Veterans Affairs ("VA") as a medical record transcription monitor. The VA's practice was that a physician would dictate the medical report for each patient, and then the report would be manually transcribed into the VA's computer system, known as VISTA. Guy volunteered to do transcription work on overtime to help eliminate a backlog of radiology reports, and she began performing her regular duties and the overtime tasks interchangeably throughout the day. During a four-month period, Guy claimed to have worked and was paid for 739.5 hours of regular time and 1,223 hours of overtime, for a total of 1,962.4 hours. During this period, Guy's time sheets showed that she was averaging seventeen-hour days during the week and fourteen-hour days on the weekend. Eventually, the VA began an internal investigation of the overtime claims and created a report from the VISTA system that listed the date and time of each entry made by Guy. The VISTA report indicated that Guy spent 740.25 hours entering records into the system, although only 325 of those hours were during overtime.

Following a recommendation from the internal investigation, the VA removed Guy from her position. She appealed her removal to the MSPB. An administrative judge ("AJ") affirmed the VA's decision to remove Guy from federal employment, and the MSPB Board of Review affirmed the AJ's decision. Guy was represented by counsel prior to and during the administrative hearing; however, her attorney resigned immediately after the hearing, and Guy drafted her own post-hearing brief. Guy did not appeal the MSPB decision.

In 2005, the Government sued Guy in the district court to recover the overtime payments. Guy was not represented by counsel during the district court proceedings. Prior to trial, the Government filed a motion for summary judgment and motion in limine, asserting that Guy was

collaterally estopped from re-litigating the issue of whether she in fact worked all of the overtime hours she claimed to have worked. The district court denied summary judgment but instructed the jury to take the following facts as true:

> (1) Guy did not perform the work she was assigned to do as overtime work during the majority of the overtime that she claimed to have worked.
> (2) Guy was not authorized to perform her regular work duties during overtime hours.
> (3) Guy was not given permission to perform her assigned overtime tasks during her regular work hours.
> (4) The VISTA system accurately showed the time each and every entry was made into the system.
> (5) The VISTA records show that Guy spent only 325 hours entering records into the system during her overtime hours.
> (6) Guy was paid over $25,000 in overtime pay between November 4, 1999 and March 12, 2000.

The decision expressly left Guy free to litigate (1) whether the overtime she claimed for performing her regular duties was something that properly entitled her to overtime pay and (2) how many hours she spent performing her regular work duties during overtime.

At trial, the Government asked the jury to find that Guy submitted 482.75 hours of false overtime, which equated to $9,307 in actual damages. In its calculation of damages, the Government gave Guy credit for all of the regular time she claimed and for 740.25 hours of overtime. The amount of overtime credit was derived from the VISTA records and included all of the time Guy spent transcribing records into the VISTA system, regardless of whether the work was done during her normal hours or during the overtime period. The jury found nine violations of the FCA and found for the Government on the theories of payment by mistake and unjust enrichment. However, it found in favor of Guy on the claim of common law fraud. The court awarded the Government

treble damages of $27,921 under the FCA, plus a statutory penalty of $5,500 for each FCA violation, for a total award of $77,421.

## DISCUSSION

We review de novo a district court's decision to apply issue preclusion or collateral estoppel. *Stemler v. Florence*, 350 F.3d 578, 585 (6th Cir. 2003). Final determinations of administrative bodies may have preclusive effect under the doctrine of collateral estoppel. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991). In this case, the district court applied offensive collateral estoppel, which forecloses a "defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party." *United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984).

There are two situations in which it may be unfair to apply offensive issue preclusion: (1) where the defendant in the first action had little incentive to defend vigorously, particularly if future suits were not foreseeable; and (2) where the second action "affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330-31 (1979). Guy argues that her procedural opportunities at the MSPB hearing were significantly limited, that the interests at stake in the MSPB proceeding were insignificant compared to those at stake in the instant case, and that the present action was not foreseeable.

In this case, the trial did not afford Guy with new procedural opportunities that could readily cause a different outcome. Guy initiated the MSPB action and took full advantage of the available procedures—calling witnesses, cross-examining witnesses, and introducing evidence. As for Guy's

claim that collateral estoppel was inappropriate because of the different interests at stake in the proceedings, the district court acknowledged the limited scope of the MSPB decision and, accordingly, limited its application of collateral estoppel to the six facts listed above. Guy was effectively foreclosed from re-litigating the amount of time spent on transcription because the VISTA report was deemed conclusive, but she remained free to litigate how many hours she spent performing her regular work duties during overtime hours. Further, the nature of the allegations against Guy, *i.e.*, fraudulent overtime claims, made it foreseeable that the Government would attempt to recoup the money, and Guy was even warned during the MSPB proceeding about the possibility of future prosecution. Therefore, the district court's application of collateral estoppel was not error.

Guy's second argument also fails. Government knowledge may negate scienter under the FCA where it is used "to demonstrate that what the defendant submitted was not actually false but rather conformed to a modified agreement with the Government." *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 454 n.21 (6th Cir. 2005). Guy contends that her supervisors' knowledge of her irregular work schedule is sufficient to negate scienter under the FCA, but knowledge of her irregular schedule does not equate with knowledge that she claimed overtime for hours not actually worked. Because Guy could not reasonably believe the Government had agreed to pay her overtime compensation for hours she did not work, the "government knowledge" defense is inapplicable in this case.

AFFIRMED.